| |
|---|
| **Hersko v Hersko** |
| 2024 NY Slip Op 30846(U) |
| March 14, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 519449/2021 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: CCP
---------------------------------------------x
BARRY HERSKO,

                            Plaintiffs,      Decision and order

       - against -                    Index No. 519449/2021

MORRIS HERSKO & SARA G. HERSKO,

                           Defendants,      March 14, 2024
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN         Motion Seq. #7

        The plaintiff has moved pursuant to CPLR §3124 seeking to compel responses to various discovery requests. The defendants have opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

        As recorded in a prior order, the plaintiff alleges he loaned the defendant and his wife significant sums of money. Specifically, according to the verified second amended complaint, the defendants owned a condominium located at 2039 57th Street in Kings County and in 2010 secured a $300,000 mortgage from TD Bank. In 2011 the plaintiff alleges he loaned the defendants $190,000 to help them purchase a house located at 1963 63rd Street in Kings County. The loan was wired at plaintiff's direction from plaintiff's attorney's escrow account in the amount of $190,000 and was received by the defendants. Indeed, the defendants purchased the house in February 2012. In March 2012 the plaintiff alleges he loaned the defendants an additional

$169,834.45. Those funds were paid directly to TD Bank by plaintiff's attorney from the same escrow account. The verified second amended complaint alleges these funds were used to pay off the mortgage related to the condominium which would then enable the defendants to sell the condominium and repay the plaintiff. The following week verified second amended complaint alleges the plaintiff loaned the defendants another $90,163.55 which was also intended to pay off the mortgage connected to the condominium. Those funds were also paid directly to TD Bank by plaintiff's attorney from the same escrow account. In March 2014 the verified second amended complaint alleges the plaintiff loaned the defendants another $250,000 which was also used to pay off the mortgage connected to the condominium. Again, those funds were also paid directly to TD Bank by plaintiff's attorney from the same escrow account. The verified second amended complaint asserts the defendants promised to secure the loan payments with the condominium but concede that such guaranty was never reduced to a writing. No funds were ever returned and title to the condominium was never transferred to the plaintiff. This lawsuit was commenced and alleges two causes of action, namely breach of contract and the imposition of a constructive trust.

The plaintiff now seeks the defendant's bank records related to these four loans. The plaintiff argues that the money "loaned

2

[* 2]

to the Defendants were used to pay down the mortgage on the Condo and to facilitate the purchase of the House...These allegations go directly to Plaintiff's claim that a loan agreement exists between the parties and that Plaintiff is entitled to a constructive trust in the Condo. However, Defendants have refused to produce documents reflecting the source of funds used to purchase the Properties" (Memorandum in Support, page 6 [NYSCEF Doc. No. 122]). The defendants have not produced the requested information arguing they have provided all relevant discovery and these requests are not relevant.

## Conclusions of Law

It is well settled that a party may be required to produce documents held by a third party where the party has a legal right to the documents or has control over the entity or individual who is in possession of the documents (New York ex rel. Boardman v. National Railroad Passenger Corporation, 233 F.R.D.2006]). This rule applies where documents of a party are in the possession of the agent of that party (American Rock Salt Company LLC v. Norfolk Southern Corp., 228 F.R.D. 426 [W.D.N.Y. 2004]). Thus, the plaintiff's attorney and escrow agent who actually wrote checks and wired funds on the plaintiff's behalf is surely an agent of the plaintiff. The peculiar posture of this case where

3

[* 3]

the plaintiff seeks discovery of his own agent's records from the defendant does not change the analysis. The plaintiff has not presented any reason why he cannot obtain the information from his own agent. The failure to secure relevant documents from the plaintiff's own agent militates against seeking them from the defendants. The plaintiff's inability to secure documents from his own agent, in essence, from himself, is not grounds to serve discovery requests for those same documents upon the defendants.

Notwithstanding, the court must consider the question of relevancy. "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is "material and necessary"—i.e., relevant—regardless of whether discovery is sought from another party...or a non party" (see, Forman v. Henkin, 30 NY3d 656, 70 NYS3d 157 [2018], see, also, Evans v. Roman, 172 AD3d 501, 100 NYS3d 26 [1st Dept., 2019]). Any discovery disputes must ultimately be brought before the trial court. Further, the trial court maintains "wide discretion to decide whether information sought is 'material and necessary' to the prosecution or defense of an action" (Vargas v. Lee, 170 AD3d 1073, 96 NYS3d 587 [2d Dept., 2019]). "Accordingly, absent an error of law or an improvident exercise of discretion" the Appellate Court "will not disturb a trial court's discretionary discovery determination"

4

[* 4]

(id).

In this case the plaintiff alleges he loaned funds to the defendants. The defendants do not dispute they received the funds from the escrow account noted. Rather, they simply dispute the character and nature of the transfer of funds. Thus, the dispute in this case is narrow and discreet and concerns only one question, whether the funds that were unquestionably transferred constituted a loan. Of course, there is no documentary evidence such as a promissory note supporting the existence of a loan (Ramzan v. United States Department of Education, 2018 WL 3727339 [E.D.N.Y. 2018]). Thus, superfluous documents that merely confirm undisputed facts are not relevant. The plaintiff argues that "it cannot reasonably be disputed that Plaintiff's allegations put at issue the source of funds used to pay down the TD Mortgage, including, in particular, whether any such payments were from funds Barry loaned to Defendants" (Memorandum in Support, page 9 [NYSCEF Doc. No. 122]). First, three of the four alleges loans were paid directly to TD Bank, thus, this argument is difficult to comprehend. More importantly, it is simply not relevant how the defendants spent the funds given to them. The nature of that spending cannot establish the transfers made were loans at all. Further, all the documents sought by the plaintiff suffer the same infirmities. They do not help support any of the

5

plaintiff's allegations the money transferred were loans.

Therefore, based on the foregoing, the motion seeking discovery is denied.

So ordered.

ENTER:

DATED: March 14, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC